IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BLUE MARTINI FOUNDERS, LLC, | |
| Plaintiff, | 8:15-CV-29 |
| vs. | |
| SADLE ENTERPRISES, INC., a Nebraska corporation doing business as Blue Martini Lounge, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the motion for default judgment (filing 16) filed by the plaintiff, Blue Martini Founders, LLC, with respect to the only remaining defendant, Sadle Enterprises, Inc.[1] The Court will grant the motion,[2] enjoin Sadle from using Blue Martini's marks, and award damages and attorney fees in the amount of $33,197.24.

The Court's Memorandum and Order of November 6, 2015, set forth the Court's findings that the admitted allegations of Blue Martini's complaint constitute a legitimate cause of action for both mark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and violation of the Nebraska Uniform Deceptive Trade Practices Act (UDTPA). Filing 19 at 2-3. The Court's Memorandum and Order also set forth the Court's finding that Blue Martini was entitled to a permanent injunction, to be entered at final judgment. Filing 19 at 4. The only pending issues that were unresolved by the Court's Memorandum and Order were damages and attorney fees. *See* filing 19 at 7-8.

---

[1] The Court notes that several unnamed defendants were included in Blue Martini's complaint, but never identified or served. *See* filing 1. The Court understands Blue Martini to have abandoned any claim against those defendants. To be sure the record is clear, Blue Martini's claims are dismissed as to the unnamed, unserved defendants. *See*, Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 21; *see also Mississippi Val. Barge Line Co. v. Bulk Carriers, Ltd.*, 249 F. Supp. 743, 746 (S.D.N.Y. 1965).

[2] Although the Court previously denied Blue Martini's motion without prejudice, *see* filing 19, the Court interprets Blue Martini's subsequent filings as reasserting that motion.

DAMAGES

The Lanham Act permits a plaintiff to recover the defendant's profits, any damages sustained by the plaintiff, and the costs of the action. 15 U.S.C. § 1117(a). But in a case involving the use of a counterfeit mark, a plaintiff may instead elect to recover

> an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of--
>
> > (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
> >
> > (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

§ 1117(c). Blue Martini has made such an election in this case.

Blue Martini has moved for an award of $1,000,000.00. Filing 16 at 2; filing 21 at 3. As the Court outlined in its previous memorandum and order, § 1117(c) itself does not provide guidelines for the Court in determining an appropriate award, instead leaving it to the Court's discretion to award an amount it "considers just." Filing 19 at 5 (collecting cases). The Court must exercise discretion in examining whatever facts and considerations are available in a setting of limited information. Filing 19 at 5. The plaintiff, however, should not secure a windfall. Filing 19 at 5. And, analogizing to the similarly worded statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c), the Court considers

> (1) the defendant's expenses saved and profits reaped; (2) the plaintiff's lost revenue; (3) the value of the trademark; (4) general deterrence; (5) the willfulness of the defendant's conduct; (6) the defendant's cooperation in providing records from which to determine the value of the infringing products; and (7) specific deterrence of the defendant.

Filing 19 at 5-6.

As the Court has previously noted, Sadle's conduct is clearly willful: Sadle was notified by Blue Martini to cease and desist using its marks and

failed to do so, and willfulness may also be inferred from a failure to defend.[3] Filing 19 at 6. And Blue Martini has, at the Court's request, provided additional information pertaining to some of the other relevant factors. *See* filing 22-2. Specifically, Blue Martini has submitted evidence regarding the value of its marks, as represented by the franchise fees and gross revenues generated in association with the use of its marks. Filing 22-2. That evidence shows Blue Martini to be a lucrative franchise, whose locations are doing very well and whose marks are undoubtedly valuable. Filing 22-2.

The Court appreciates the effort made by Blue Martini to provide the Court with some frame of reference for an appropriate assessment of statutory damages. But what remains problematic for the Court is that there is no reason to believe—and substantial reason to doubt—that Sadle actually profited from, or that Blue Martini lost revenue from, Sadle's infringement of Blue Martini's marks. That is to say, the Court sees no reason to believe that anyone could or did associate Sadle's midtown Omaha strip-mall establishment with Blue Martini's chain of upscale nightclubs located primarily (although not exclusively) in Florida. And the Court's overarching obligation to award damages that the Court "considers just" does not permit it to enter a million-dollar judgment against a business that is almost certainly not worth that much, lock stock and barrel.

While the Court has considered all the factors listed above, the Court finds that the most relevant factors in this case are the defendant's profits, the plaintiff's lost revenue, and specific deterrence of the defendant. As explained more fully below, the Court will grant Blue Martini's request for attorney fees in the amount of $16,598.62. The Court finds that doubling that amount will appropriately compensate Blue Martini, and will sufficiently deter further misconduct by this defendant.[4] The Court will award statutory damages under the Lanham Act in the amount of $16,598.62.

---

[3] That said, the Court's suspicion is that the initial infringement was unwitting, and was followed by an extremely poor decision to ignore this matter and hope it would go away. While the Court has little trouble concluding that Sadle's infringement was willful, the Court has seen far more contumacious conduct. *E.g. Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc.,* No. 8:10-CV-365, 2014 WL 4843674 (D. Neb. Sept. 29, 2014), *aff'd,* 809 F.3d 1018 (8th Cir. 2016).

[4] That is not to suggest that, if a defendant willfully used Blue Martini's marks in a deliberate effort to benefit from its goodwill without the obligations of franchising, the Court would not be willing to impose a substantially harsher sanction. *See Peter Kiewit Sons',* 2014 WL 4843674. But the Court does not believe that was the case here.

COSTS AND ATTORNEY FEES

Blue Martini has also moved for costs and attorney fees. Under the Lanham Act, a prevailing plaintiff is entitled, subject to the principles of equity, to recover the costs of the action. 15 U.S.C. § 1117(a)(3). In addition, in "exceptional cases," a court may award reasonable attorney fees to the prevailing party. *Id.*; *see, B & B Hardware, Inc. v. Hargis Indus., Inc.*, 716 F.3d 1020, 1027 (8th Cir. 2013); *First Nat. Bank in Sioux Falls v. First Nat. Bank S.D.*, 679 F.3d 763, 771 (8th Cir. 2012). Where a defendant's conduct was willful and deliberate, a court may well determine that it is the type of exceptional case for which an award of attorney fees is appropriate. *First Nat. Bank*, 679 F.3d at 771. In addition, the UDTPA provides that costs shall be allowed to a prevailing party and that attorney fees may be allowed if the party charged with a deceptive trade practice has willfully engaged in the trade practice knowing it to be deceptive. Neb. Rev. Stat. § 87-303.[5]

The Court has already indicated that Sadle's conduct is willful. The Court further finds that this is an exceptional case warranting an award of fees: Blue Martini has incurred its costs and attorney fees advancing a claim to which Sadle has raised no viable defense. Accordingly, the Court will award costs and attorney fees.

Blue Martini has submitted evidence of $16,598.62 incurred for costs and attorney fees. Filing 22-1; filing 22-3. The Court has examined that evidence and finds that amount to be fair and reasonable.

IT IS ORDERED:

1. Blue Martini's motion for default judgment (filing 16) is granted.

2. Judgment will be entered for Blue Martini, and against Sadle, in the amount of $33,197.24.

3. Sadle is permanently enjoined from using Blue Martini's marks, or any other mark alone or in connection with another word or symbol which is confusingly similar to Blue Martini's marks, or which is likely to cause confusion or mistake or to deceive.

---

[5] The Court recognizes that there is some uncertainty whether an award of attorney fees is available under § 1117(a) when the plaintiff opts for statutory damages under § 1117(c). *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 104-111 (2d Cir. 2012). The better-reasoned view, the Court finds, is that they are. *Id.* at 111. But attorney fees are available in this case regardless, under the UDTPA.

- 5 -

4. A separate judgment will be entered.

Dated this 25th day of July, 2016.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
United States District Judge

- 5 -